Nicolai v Daisak
2026 NY Slip Op 02926
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Daniel Nicolai, Appellant,
v
Jennie Daisak, et al., Respondents.

Decided and Entered: May 12, 2026
Index No. 150218/22|Appeal No. 6592|Case No. 2025-05950|
Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Omrani & Taub, P.C., New York (Anthony J. Milone of counsel), for appellant.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains (Heather M. Haralambides of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Christopher Chin, J.), entered September 23, 2025, which denied plaintiff's motion for summary judgment on the issue of liability and striking the affirmative defenses of comparative fault, assumption of risk, and failure to wear a helmet, unanimously modified, on the law, to grant the motion to strike the assumption of risk and failure to wear a helmet affirmative defenses, and otherwise affirmed, without costs.
In this action involving a collision between plaintiff's scooter and defendant driver's car, the court properly denied plaintiff's motion for summary judgment on the issue of liability, as triable issues exist based on the parties' conflicting accounts of how the collision occurred (see De Diaz v Klausner, 198 AD3d 475, 476 [1st Dept 2021]). Plaintiff submitted deposition testimony in which a witness stated that a pedestrian suddenly entered the street in front of defendant's vehicle as she was clearing the turn, requiring defendant to stop in the intersection to avoid hitting the pedestrian. There are issues of fact as to whether the actions defendant took to avoid colliding with the pedestrian were "reasonable and prudent in the emergency context," and thus, whether defendants were liable for the resulting collision (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). For the same reasons, the court's implicit denial of the branch of plaintiff's motion to strike the affirmative defense of comparative negligence was correct.
However, Supreme Court should have granted plaintiff's motion to strike defendants' affirmative defenses of assumption of risk and failure to wear a helmet. The defense of assumption of risk does not apply to the situation here involving a traffic accident (see Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]; Munoz v City of New York, 237 AD3d 582, 583 [1st Dept 2025]). Plaintiff's testimony established that he was wearing a helmet at the time of the accident, and defendants did not submit any proof to the contrary (see Vasquez v Strickland, 211 AD3d 414, 414-415 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026